In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 22-2501
IN RE: JELENA DORDEVIC,
 Debtor.
 ____________________

JELENA DORDEVIC and ANTHONY J. PERAICA,
 Plaintiffs-Appellants,

 v.

PATRICK S. LAYNG, United States Trustee
 Defendant-Appellee.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 21-cv-6338 — Gary Feinerman, Judge.
 ____________________

 ARGUED JANUARY 19, 2023 — DECIDED MARCH 9, 2023
 ____________________

 Before BRENNAN, SCUDDER, and KIRSCH, Circuit Judges.
 SCUDDER, Circuit Judge. The U.S. Trustee admonished
debtor’s counsel to ﬁle a corrected ﬁnancial disclosure form
with the bankruptcy court after learning that counsel’s origi-
nal ﬁling underreported his compensation. Many times over
2 No. 22-2501

counsel disregarded the direction, prompting the Trustee to
ﬁle a motion for disgorgement. The bankruptcy court did not
ﬁnd the question close: counsel’s failure to update his disclo-
sure form constituted a ﬂagrant violation of the Bankruptcy
Code warranting complete disgorgement of all past fees re-
ceived by counsel. The district court agreed with the bank-
ruptcy court’s decision. And so do we.
 I
 Anthony Peraica represented Jelena Dordevic in her
Chapter 7 bankruptcy proceeding. Alongside filing the bank-
ruptcy petition, Peraica submitted a form disclosing his fee
compensation (known in bankruptcy parlance as a Rule 2016
disclosure) in which he reported that Dordevic had paid him
a total of $5,000 for his services. But Peraica’s disclosure was
incomplete. As the Trustee learned during discovery, Dorde-
vic had actually paid Peraica $21,500.
 The U.S. Trustee contacted Peraica to inform him that he
needed to file an updated Rule 2016 fee disclosure with the
bankruptcy court. Rather than heed this advice, Peraica in-
stead sent the Trustee an informal accounting document list-
ing $21,500 in fees. Recognizing this would not suffice, the
Trustee responded: “The Rule 2016 disclosures actually need
to be filed with the Court” by submitting “an official form.”
But Peraica again ignored his obligation and continued to do
so even after receiving a third reminder from the Trustee a
few weeks later.
 In time the Trustee sought the bankruptcy court’s inter-
vention. The Trustee filed a motion under 11 U.S.C. § 329 to
examine the fees. After Peraica failed to respond, the Trustee
supplemented its motion with a request that all fees be
No. 22-2501 3

forfeited. The bankruptcy court granted the motion. Beyond
Peraica’s brazen disregard of the Trustee’s advice, the bank-
ruptcy court found Peraica’s proffered explanation for not up-
dating his fee disclosure lacking, if not downright false.
Peraica claimed that he lacked bankruptcy experience and
thus was not familiar with his Rule 2016 disclosure require-
ments. But a search of the federal judiciary’s docket manage-
ment system showed that Peraica had been involved in more
than 350 bankruptcy cases in the Northern District of Illinois
alone. The bankruptcy court ordered Peraica to disgorge all
past fees as a penalty for his blatant lack of compliance with
his obligations under Section 329 of the Bankruptcy Code.
 On appeal, the district court did not hesitate in affirming
the bankruptcy court’s disgorgement order. Peraica now
seeks our review.
 II
 The obligation Congress imposed in Section 329 on any at-
torney representing a debtor is clear. Counsel must “file with
the court a statement of the compensation paid or agreed to
be paid, if such payment or agreement was made after one
year before the date of the filing of the petition, for services
rendered or to be rendered in contemplation of or in connec-
tion with the case by such attorney.” 11 U.S.C. § 329(a).
 The Federal Rules of Bankruptcy Procedure implement
this obligation by requiring counsel to file the fee disclosure
within 14 days of the petition. Fed. R. Bankr. P. 2016(b). In no
uncertain terms, Rule 2016 also specifies that counsel should
file a supplemental statement “within 14 days after any pay-
ment or agreement not previously disclosed.” Id. Nothing in
this framework provides leeway for partial or incomplete
4 No. 22-2501

disclosure. Plain and simple, attorneys must inform the bank-
ruptcy court of their compensation and promptly update the
filing if their fees change.
 The bankruptcy court found that Peraica failed to comply
with this obligation. He only disclosed $5,000 of the $21,500
Dordevic paid him for his representation and, despite the
Trustee’s repeated admonishments to update his Rule 2016
disclosure, never did so. Just as concerning, Peraica then dou-
bled down and told the bankruptcy court that he was not fa-
miliar with his obligation even though he had been involved
in hundreds of prior bankruptcy proceedings.
 The bankruptcy court found Peraica’s behavior inexcusa-
ble. We do too. Whether or the degree to which the estate sus-
tained harm—Peraica’s focus on appeal—is beside the point.
The fee disclosure obligations are mandatory, not optional.
See Kravit, Gass & Weber, S.C. v. Michel (In re Crivello), 134 F.3d
831, 836 (7th Cir. 1998) (“[C]ounsel who fail to disclose timely
and completely … proceed at their own risk because failure
to disclose is sufficient grounds to … deny compensation.”).
The bankruptcy court exercised its sound discretion in sanc-
tioning Peraica with complete disgorgement.
 III
 It would be a mistake to read our opinion as straightfor-
ward affirmance of the bankruptcy court’s decision. The
Bankruptcy Code’s disclosure requirements are “central to
the integrity of the bankruptcy process.” 3 Collier on Bank-
ruptcy ¶ 329.01 (16th ed. 2022). And disclosure is mandatory
for good reason: it protects both debtors from overreaching
lawyers and creditors from losing their fair share of the estate.
See SE Prop. Holdings, LLC v. Stewart (In re Stewart), 970 F.3d
No. 22-2501 5

1255, 1259 (10th Cir. 2020) (discussing these two justifica-
tions). Indeed, given Congress’s directive, bankruptcy courts
have an inescapable statutory duty to review fee arrange-
ments. See Bethea v. Robert J. Adams & Assocs., 352 F.3d 1125,
1127 (7th Cir. 2003) (explaining that Section 329 “requires
bankruptcy judges” to review compensation). So the bigger
picture takeaway should be clear: counsel for debtors in bank-
ruptcy proceedings should recognize that failures to disclose
will not be taken lightly.
 With these closing observations, we AFFIRM.